IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYZAHAE DAVENPORT, | : | CIVIL ACTION |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| MARILYN BROOKS, et al., | : | NO. 06-5070 |
|     Respondents. | : | |

**REPORT AND RECOMMENDATION**

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                                  July 31, 2007

      Before the Court for Report and Recommendation is Petitioner Tyzahae Davenport's (alternatively "Davenport" or "Petitioner") *pro se* petition for the issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. He is currently incarcerated at the State Correctional Institute in Albion, Pennsylvania.[1] For the reasons set forth below, we find that the petition is untimely and recommend that it be dismissed.[2]

**PROCEDURAL BACKGROUND**

      On April 14, 1998, Petitioner was convicted in the Philadelphia County Court of Common Pleas of two counts of murder in the second degree, two counts of aggravated assault, three counts of simple assault, one count of arson, one count of criminal conspiracy and one

---

[1] Petitioner is a resident of the Western District of Pennsylvania. Although he is not a resident of this district, venue is proper because he was prosecuted and convicted in Philadelphia County for crimes committed there.

[2] In preparing this Report and Recommendation, we reviewed Petitioner's form Petition for Writ of Habeas Corpus, Petitioner's Memorandum Of Law in support of his petition, the District Attorney's Response to the Petition for Writ of Habeas Corpus, Petitioner's Traverse to Respondent's Response to Petition for Writ of Habeas Corpus, and the District Attorney's Sur-reply to Petitioner's Reply to Response to Petition for Writ of Habeas Corpus. As necessary, we also consulted the state court record received from the Philadelphia Clerk of Quarter Sessions.

count of recklessly endangering another person. (Pet. at 3; Resp. at 1). The court sentenced him on May 28, 1998 to two consecutive terms of life imprisonment for the murders and a concurrent term of five to ten years imprisonment for conspiracy. (Pet. at 3; Resp. at 2). On January 12, 1999, the Pennsylvania Superior Court dismissed Davenport's direct appeal for failure to file an appellate brief. On May 28, 1999, he filed a petition under Pennsylvania's Post Conviction Relief Act ("PCRA") seeking reinstatement of his appellate rights *nunc pro tunc*. On September 1, 1999, his appellate rights were reinstated and he filed another direct appeal. On June 20, 2000, however, the Pennsylvania Superior Court affirmed the judgments of sentence. *Commonwealth v. Davenport*, 760 A.2d 424 (Pa. Super. Ct. 2000) (table). On September 13, 2000, he requested allowance of appeal of the Superior Court's decision to the Pennsylvania Supreme Court *nunc pro tunc* but that request was denied on December 14, 2000. (Pet. at 4; Resp. at 2).

On or about August 12, 2002, Davenport filed a second PCRA petition which the PCRA Court dismissed as untimely on April 3, 2003. The Pennsylvania Superior affirmed the lower court's dismissal as untimely on October 3, 2003. *Commonwealth v. Davenport*, 839 A.2d 1151 (Pa. Super. Ct. 2003) (table). On April 21, 2004, the Pennsylvania Supreme Court denied allowance of appeal. *Commonwealth v. Davenport*, 848 A.2d 927 (Pa. 2004) (table).

Davenport initiated this habeas corpus action, *pro se*, on October 31, 2006.[3] He filed a

---

[3] The docket sheet indicates the Clerk's Office received the Petition for Writ of Habeas Corpus on November 15, 2006. However, following the prison mailbox rule, we construe the filing date as the date Petitioner hand-delivered the petition to prison officials for mailing. *See Burns v. Morton*, 134 F.3d 109, 113 (3d Cir. 1998). The petition presumably was handed to a prison official for mailing some time between the date which it bears, October 31, 2006, and the postmark date which the envelope bears, November 13, 2006. We assume for purposes of this Recommendation that the petition was handed to a prison official for mailing and thus filed on the earliest possible date, October 31, 2006.

memorandum of law in support of his petition on May 3, 2007. He presents five claims.[4] First, he alleges that trial counsel was ineffective in failing to properly pursue a direct appeal when he failed to file an appellate brief after filing a Notice of Appeal. (Pet. at 8). Second, he alleges that direct appellate counsel was ineffective in failing to raise trial counsel's ineffectiveness in failing to properly pursue a direct appeal. (Pet. at 10). Third, he alleges that trial counsel was ineffective in failing to present testimony refuting his involvement in the crime where the co-defendant was willing to testify for him. (Pet. at 9). Fourth, he alleges that trial counsel was ineffective in failing to move for the recusal of the trial judge. (Pet. at 10-12). Fifth, he alleges that the guilty verdicts were not supported by sufficient evidence. (Pet. at 12-14).

Respondent asserts in its answer that Davenport's petition is time-barred and should be dismissed. (Resp. at 4-6). For the reasons set out within, we agree with Respondent.

## DISCUSSION

### A.   Commencement of the Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year period of limitations for filing of an application of a writ of habeas corpus. *See* 28 U.S.C. § 2244(d)(1). The statute provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of

---

[4] Petitioner originally set forth eight claims in his petition but in his subsequent memorandum he withdrew three.

>the United States is removed, if the application was prevented from filing by such state action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id*.

We first consider the date provided by Section 2244(d)(1)(A). Petitioner sought review of his conviction in the Pennsylvania Superior Court and that court ultimately affirmed his conviction on the merits on June 20, 2000. *Commonwealth v. Davenport,* 760 A.2d 424 (Pa. Super. Ct. 2000). He was then allowed a 30-day period in which he could petition the Pennsylvania Supreme Court to review his case. (Pa. R. Crim. P. 1113(a)). He did not do so within that 30-day period. As a result, Davenport's conviction became final on July 20, 2000. His one-year period of limitations under 28 U.S.C. § 2244(d)(1)(A) ended on July 20, 2001, five years, four months, 11 days before he filed his federal habeas corpus claim.

Next, we consider Section 2244(d)(1)(D). Although Davenport references this section in his reply, he does not explain how it provides a later limitations period start date in his case. (Pet'r Reply at 2).[5] We recognize that one of his claims is that his counsel on direct appeal was ineffective for not preserving an issue as to effectiveness of prior counsel. While the factual predicate of this claim would not have existed until appellate counsel briefed his appeal, it could have been discovered through the exercise of due diligence by June 20, 2000, when the

---

[5] We are not aware of any fact that implicates the circumstances set forth in § 2244(d)(1)(B) or § 2244(d)(1)(C) and Petitioner does not claim to the contrary.

Pennsylvania Superior Court addressed all issues raised on appeal and affirmed the judgment. All of the other claims Davenport sets forth arose out of easily discoverable events which occurred at dates much earlier than the Pennsylvania Superior Court's June 20, 2000 conviction affirmance and thus should have been discovered through exercise of due diligence even earlier than the ineffective appellate counsel claim. Therefore, Section 2244(d)(1)(D) does not provide a later limitations period start date nor render this petition timely.

### B. Statutory Tolling

We next examine Davenport's petition to determine whether he is statutorily entitled to the benefit of tolling the AEDPA limitations period. Section 2244(d)(2) authorizes tolling of the one-year limitations period under the AEDPA for the period of time "during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). We note that Davenport initiated a PCRA action in 2002. That petition, however, was found by the state court to be untimely. In *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005), the Court held that an untimely PCRA petition is not properly filed for purposes of the tolling provision in 28 U.S.C. § 2244(d)(2). Therefore, Davenport's filing of an untimely PCRA petition did not toll the statute of limitations for filing his habeas petition. Moreover, as the AEDPA limitations period had already expired on July 20, 2001, the filing of a PCRA petition in 2002 could have no effect. It is clear, therefore, that his petition is untimely absent a valid claim that concerns of equity require that the limitations period be tolled.

### C. Equitable Tolling

Petitioner does not explicitly assert that he is entitled to equitable tolling of the statute of limitations. Given his *pro se* status, however, we consider whether equitable tolling of the

statute of limitations should apply here.

The Third Circuit has explained that "equitable tolling is proper only when the principles of equity would make the rigid application of a limitation period unfair." *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616 (3d Cir. 1998) (quoting *Shendock v. Director, Office of Workers' Compensation*, 893 F.2d 1458 (3d Cir. 1990)). The Third Circuit has identified four narrow circumstances in which equitable tolling may be proper: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1998). Petitioner has alleged no facts, nor do any appear to be available, that would present any one of these situations. His counsel's failure to properly pursue a direct appeal, while perhaps not ideal, did nothing to prevent him from asserting his rights in the state court since he regained his right to appeal *nunc pro tunc* and did not prevent him from asserting his rights in this Court. Therefore, we see no basis to equitably toll the limitations period in this case.

## CONCLUSION

The statute of limitations for bringing the claims raised in this petition expired more than five years before Davenport's October 31, 2006 filing. He failed to file his petition prior to the July 20, 2001 expiration of the statute of limitations and has not demonstrated that he is entitled to any equitable tolling of the limitations period as to render his petition timely. For this reason, we are unable to recommend that he be granted the requested relief.

Pursuant to Local Appellate Rule 22.2 of the Rules of the United States Court of Appeals

for the Third Circuit, at the time a final order denying a habeas petition is issued, the district judge is required to make a determination as to whether a certificate of appealability ("COA") should be issued.  In a case such as this, where we have found the petition is procedurally defective, a COA is not warranted unless the petitioner demonstrates that jurists of reason would find debatable: (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the district court was correct in its procedural ruling.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); 28 U.S.C. § 2253(c).  "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further."  *Slack*, 529 U.S. at 484.  For the reasons set forth above and in light of the clear authorities, we do not believe a reasonable jurist would conclude that the Court would be incorrect in dismissing the present petition.  Accordingly, a COA should not issue.

      Our Recommendation follows.

## **RECOMMENDATION**

**AND NOW** this    31st       day of July, 2007, it is respectfully **RECOMMENDED** that, pursuant to 28 U.S.C. § 2244(d), the petition for a writ of habeas corpus be **DISMISSED WITH PREJUDICE**. It is **FURTHER RECOMMENDED** that a certificate of appealability should **NOT ISSUE** in that we do not believe that Petitioner has made a substantial showing of the denial of a constitutional right or that a reasonable jurist would debate the correctness of this ruling.  *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000).

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE