IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYZAHAE DAVENPORT | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 06-5070 |
| | : | |
| MARILYN BROOKS, | : | |
| THE ATTORNEY GENERAL OF THE | : | |
| STATE OF PENNSYLVANIA and | : | |
| THE DISTRICT ATTORNEY'S OFFICE | : | |
| OF PHILADELPHIA | : | |

## MEMORANDUM OPINION

**Savage, J.**                                                          April 14, 2014

Six years after his petition for a writ of habeas corpus was dismissed as untimely, petitioner Tyzahae Davenport ("Davenport"), a state prisoner, has filed a motion pursuant to Federal Rules of Civil Procedure 60(b) and 60(d) challenging the dismissal. He argues that the dismissal was erroneous because his habeas petition attacking his 1998 conviction was entitled to both statutory tolling based on a claim that his counsel was ineffective in violation of *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), and equitable tolling based on a claim of actual innocence "embedded" in the habeas petition.

Although Davenport's Rule 60 motion, on its face, challenges the ruling that his habeas petition was time-barred, his ineffective assistance of counsel claim asserts a new ground for relief. Consequently, it is a successive habeas claim under AEDPA.[1] His "actual innocence" claim is without merit. Therefore, we shall deny his motion.

---

[1] Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. §§ 2241-2266.

## Procedural History

*State Court Proceedings*

On April 14, 1998, Davenport was convicted of two counts of second degree murder and aggravated assault; three counts of simple assault; and one count each of arson, conspiracy and reckless endangerment in the Court of Common Pleas, Philadelphia County.[2] On May 28, 1998, he was sentenced to two consecutive life prison terms and a concurrent term of five to ten years.[3]

On January 12, 1999, the Pennsylvania Superior Court dismissed Davenport's appeal for failure to file a brief. Four months later, he filed a petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46, seeking reinstatement of his appellate rights. The PCRA court allowed him to file an appeal *nunc pro tunc*. After considering his appeal, the Pennsylvania Superior Court affirmed his conviction on June 20, 2000. *See Com. v. Davenport*, 760 A.2d 424 (Pa. Super. Ct. 2000) (table).[4] Davenport did not seek *allocatur* from the Pennsylvania Supreme Court within thirty days of the Superior Court's affirmance of his conviction. On September 13, 2000, three months later, he filed a petition for allowance of appeal in the Pennsylvania Supreme Court. The petition was denied on December 14, 2000.

On or about August 12, 2002, Davenport filed a second PCRA petition which was denied as untimely on April 3, 2003. The Superior Court affirmed on October 3, 2003. *See Com. v. Davenport*, 839 A.2d 1151 (Pa. Super. Ct. 2003) (table).[5] On April 21,

---

[2] Pet.'s Br. at 5 (Doc. No. 20); Pet. at 4 (Doc. No. 1).

[3] *Id.*, Ex. B (Sentencing Tr.) at 15-16 (Doc. No. 20-3).

[4] *See also* Resp. to Pet., Ex. A (Mem. Op.) (Doc. No. 11-1).

[5] *See also id.*, Ex. B (Mem. Op.) (Doc. No. 11-2).

2

2004, the Pennsylvania Supreme Court denied Davenport's petition for allowance of appeal. *See Com. v. Davenport*, 848 A.2d 927 (Pa. 2004) (table).

*Federal Court Proceedings*

On October 31, 2006, Davenport filed his first habeas petition pursuant to 28 U.S.C. § 2254. In it, he alleged: (1) trial counsel was ineffective for failing to file an appellate brief; (2) trial counsel was ineffective for failing to call his co-defendant who could have exonerated him; (3) trial counsel was ineffective for failing to move for the trial judge's recusal; (4) appellate counsel was ineffective for failing to raise trial counsel's ineffectiveness as an issue on appeal; and (5) the evidence was insufficient.

Magistrate Judge David Strawbridge issued a Report and Recommendation ("R&R"). He recommended that Davenport's habeas petition be dismissed as untimely because it was filed after AEDPA's one-year limitations period had expired. *See* 28 U.S.C. § 2244(d)(1).[6] Judge Strawbridge determined that Davenport's petition was not entitled to statutory or equitable tolling. Davenport did not file objections to Judge Strawbridge's R&R. On August 28, 2007, approving and adopting the R&R, we dismissed the petition.

Nearly nineteen months later, on March 13, 2009, Davenport filed a second petition for a writ of habeas corpus. *See Davenport v. Com. of Pa.*, No. 09-1155 (E.D. Pa. 2009). Because he did not seek leave to file the petition, we transferred it to the

---

[6] AEDPA's limitations period began to run on July 20, 2000 when Davenport's conviction became final upon the expiration of the thirty-day period to submit a petition to the Pennsylvania Supreme Court allowing an appeal of his sentence and conviction. Under AEDPA, the one-year limitations period ended on July 20, 2001, or nearly five and one-half years before Davenport brought his initial habeas petition. *See* R&R at 4.

Third Circuit Court of Appeals.  On June 16, 2010, the Third Circuit denied Davenport leave to file a second habeas petition.[7]

On November 5, 2013, six years after we dismissed his first habeas petition and more than three years after the Third Circuit denied him leave to file a second one, Davenport filed this action, labeled "Independent Action for Relief From Final Order, or in the Alternative Motion for Relief from Final Order Pursuant to Rule 60 F.R.Civ.P."[8]  In the motion, Davenport argues that it was error to dismiss his petition as untimely.  He claims that he was entitled to statutory tolling pursuant to 28 U.S.C. §§ 2244(d)(1)(B) and (C)[9] because his ineffective assistance of counsel claim rests on a retroactive application of a United States Supreme Court decision.  He relies upon *Roe v. Flores-Ortega*, 528 U.S. 470 (2000), which held that, in the context of an appeal as of right, counsel is deficient when he does not consult with his client about an appeal where he has reason to believe "a rational defendant would want to appeal" or the "defendant reasonably demonstrated to counsel that he was interested in appealing."[10]  *Id.* at 480.

---

[7] *See* Order, *In Re: Tyzahae Davenport*, No. 10-2373 (3d Cir. June 16, 2010).

[8] Davenport's motion does not identify under which provision of Rule 60 he seeks relief.  His reply to the government's response, however, states that he would be entitled to relief under Rules 60(b)(5), 60(b)(6) or 60(d).  Pet.'s Reply at 3 (Doc. No. 25).  At oral argument, Davenport's counsel stated that he was moving pursuant to Rule 60(b)(1) ("mistake, inadvertence, surprise, or excusable neglect").  Mar. 18, 2014 Hr'g Tr. at 11:3-13.  She then acknowledged that that provision requires the motion to be filed within a year after judgment.  *See id.* at 11:3-20; Fed. R. Civ. P. 60(c)(1).

[9] Section 2244(d)(1)(B) provides that AEDPA's one-year limitations period shall run from "the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action."  28 U.S.C. § 2244(d)(1)(B).  Under section 2244(d)(1)(C) the period runs from "the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."  *Id.* § 2244(d)(1)(C).

[10] *Flores-Ortega* held that the test articulated in *Strickland v. Washington*, 466 U.S. 668 (1984) applies to an attorney's failure to file a notice of appeal.  *Flores-Ortega*, 528 U.S. at 477.  A defendant satisfies *Strickland's* first prong, which requires a showing that the attorney rendered deficient

4

He also argues that his first habeas petition was entitled to equitable tolling based on a claim of actual innocence raised in the petition.

## Legal Standard

*Rules 60(b) and 60(d)*

Federal Rule of Civil Procedure 60(b) allows a district court to grant a petitioner relief from judgment based on several grounds.  Among those grounds are two upon which Davenport relies: applying the judgment is no longer equitable, Fed. R. Civ. P. 60(b)(5); and, "any other reason that justifies relief," Fed. R. Civ. P. 60(b)(6),  the catch-all provision.

Rule 60 may not be used to challenge again the movant's underlying conviction after his habeas petition attacking the same conviction has been denied.  Like a Rule 60(b) motion, one brought under Rule 60(d) may not be used as a substitute for appeal. *Morris v. Horn*, 187 F.3d 333, 343 (3d Cir. 1999); *Fox v. Brewer,* 620 F.2d 177, 180 (8th Cir. 1980) (citations omitted).

*AEDPA*

Under AEDPA's "second or successive petition" rule, a prisoner is not permitted to file a petition seeking habeas corpus relief attacking a judgment of conviction and/or sentence after his previously filed habeas petition based on the same conviction was

---

performance, if he demonstrates that his counsel failed to consult with him about an appeal where (1) he had reason to think a rational defendant would want to appeal or (2) there is reason to think the defendant at issue reasonably demonstrated a desire to appeal.  *Id.* at 480.  To satisfy *Strickland's* second prong, that the defendant was prejudiced by counsel's deficient performance, the defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult, he would have timely appealed.  *Id.* at 484.

decided on the merits.  28 U.S.C. § 2244(b)(1).[11]  If the petitioner makes a new claim in a second or successive petition, he must first receive permission to file the petition from the court of appeals.  Absent such authorization, the district court lacks jurisdiction over the matter and is not permitted to consider the merits of the subsequent petition.  28 U.S.C. § 2244(b)(3)(A); *Gonzalez v. Crosby*, 545 U.S. 524, 529-30 (2005); *Robinson v. Johnson*, 313 F.3d 128, 139-40 (3d Cir. 2002).

What is a "second or successive" habeas petition is not defined by AEDPA.  The Supreme Court has interpreted it as a filing, whether labeled a habeas petition or a Rule 60 motion, that makes a claim on the merits attacking the same conviction and/or sentence that was challenged in a previous petition.  *Gonzalez*, 545 U.S. at 532, 538.  A motion for relief from judgment that does not assert or reassert claims of error in the movant's state-court conviction, but challenges only the district court's failure to reach the merits of a prior habeas petition is not a second or successive habeas petition.  *Id.* at 538; *Pridgen v. Shannon*, 380 F.3d 721, 727 (3d Cir. 2004).

A petitioner cannot circumvent the "second or successive" petition bar by presenting new claims for relief by couching his petition in the language of a Rule 60(b) motion.  The *Gonzalez* Court characterized such a maneuver as an impermissible effort to bypass AEDPA's requirement that new claims be dismissed unless they are based on "newly discovered facts" or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  *Gonzalez*, 545 U.S. at 531-32 (citing 28 U.S.C. § 2244(b)(2)); *see also Blystone v. Horn*, 664 F.3d 397, 411 (3d Cir. 2011).

---

[11] Section 2244(b)(1) states that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).

In contrast, a filing that does not challenge the substance of a federal court's resolution of a claim on the merits, but attacks a defect in the integrity of the federal habeas proceeding is not a "claim" for purposes of § 2244(b). *Gonzalez*, 545 U.S. at 532 and nn.4-5. In other words, a habeas petition presents a substantive challenge whereas a Rule 60 motion is a procedural attack. Consequently, when no habeas "claim" is presented, there is no basis to deem a latter filing "second or successive" under § 2244(b). *Id.* at 533. In short, in *Gonzalez*, the Supreme Court drew a distinction between a substantive challenge and a procedural one.

When a motion is filed in a habeas case under a Rule 60(b) or 60(d) label, the district court must initially determine whether the motion is actually a "second or successive" habeas petition within the meaning of § 2244(b). *Id.* at 530; *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005); *Sharpe v. U.S.,* Crim. No. 02-771, 2010 WL 2572636, at *2 (E.D. Pa. June 22, 2010). If it is not a "second or successive" petition, no authorization from the court of appeals is required. Thus, we must determine whether Davenport's motion is a true Rule 60 motion or, as the respondents contend, an impermissible successive habeas petition.

**Analysis**

*Ineffective Assistance of Counsel*

Davenport's new ineffective assistance of counsel claim, which could have been raised in his first habeas petition, is a successive habeas claim. *Gonzalez* makes clear that where a Rule 60 motion asserts a new claim for habeas relief, it is a successive habeas petition. *Gonzalez,* 545 U.S. at 532.

Davenport attempts to transform his new claim of ineffectiveness of counsel into an excuse justifying tolling of AEDPA's one-year time limitation. Relying on *Roe v. Flores-Ortega*, he argues that his first habeas petition was entitled to statutory tolling because his appellate counsel was ineffective when he failed to consult with him before electing not to petition the Pennsylvania Supreme Court for *allocatur*.[12]

Davenport's first habeas petition did not include this ineffectiveness claim. The only ineffectiveness claims raised in the earlier petition were that: (1) appellate counsel failed to file an appellate brief; (2) appellate counsel failed to raise trial counsel's ineffectiveness on appeal; (3) trial counsel failed to call Davenport's co-defendant, who would have exonerated him, as a witness; and (4) trial counsel failed to move for recusal of the trial judge. Davenport did not contend that counsel was ineffective for failing to file a petition for allowance of an appeal to the Pennsylvania Supreme Court.[13]

In his Rule 60 motion, Davenport is raising a new claim which he could have raised in his first habeas petition. The facts he relies upon were known to him many years before he filed his first petition. The failure to petition for *allocatur* occurred six years before he filed his first habeas petition in 2006. *Flores-Ortega* was decided in

---

[12] *Flores-Ortega* applied in the context of a defendant whose counsel failed to follow the procedure to pursue a proceeding "to which *he had a right*." 528 U.S. at 483 (emphasis added). As Davenport's counsel recognized at oral argument, his appeal to the Pennsylvania Supreme Court was discretionary. *See* Mar. 18, 2014 Hr'g Tr. at 5:19-22. Therefore, the *Flores-Ortega* rule affords him no basis for relief.

[13] At oral argument, Davenport's counsel stated that his ineffectiveness claim was made in his first petition. We do not agree. She cited page nine of his first petition and page two of his traverse. Mar. 18, 2014 Hr'g Tr. at 20:16-21:7. Page eight states "I was represented by ineffective assistance of counsel who abandoned my appeal . . . ." Pet. at 8 (Doc. No. 1). On the next page, where the grounds for relief are listed, Davenport indicated that his counsel "abandoned [his] rights . . . *in filing [sic] direct appeal*." Pet. at 9 (emphasis added). Davenport's traverse states, in reciting the procedural history of his case, that "[p]etitioner[,] abandoned by counsel did not seek allowance of appeal in the Pennsylvania Supreme Court, while again suffering from the denial of effective assistance of counsel." Pet.'s Traverse at 2 (Doc. No. 12). Even if we accept that the claim was previously asserted, it does not provide Davenport with relief. *See supra*, n.12.

2000 and made retroactive by the Third Circuit in 2004, two years before Davenport filed his first habeas petition. *See Lewis v. Johnson*, 359 F.3d 646, 657 (3d Cir. 2004). Therefore, to the extent his Rule 60 motion seeks to present his ineffectiveness of appellate counsel claim now, it is a successive habeas claim. *Gonzalez*, 545 U.S. at 532 (stating that a Rule 60(b) motion that seeks to add a new ground for relief clearly qualifies as a successive petition).

Even if the ineffectiveness claim was not successive, it would fail because it is not a cognizable claim. A defendant has a Sixth Amendment right to counsel on direct appeal from conviction. The right does not extend to representation on discretionary appeal. *Coleman v. Thompson,* 501 U.S. 722, 756-757 (1991) (stating that because petitioner had no constitutional right to counsel on appeal from the post-conviction court's judgment, any attorney error that led to the default of his claims in state court did not constitute cause to excuse the default in federal habeas); *Ross v. Moffitt,* 417 U.S. 600, 610 (1974) (stating that there is no right to counsel in state discretionary appeals); *Wainwright v. Torna,* 455 U.S. 586, 587-88 (1982) (*per curiam*) (where there is no right to counsel, there is consequently no right to effective assistance of counsel).

*Cumulative Error*

Davenport argues that the Superior Court's decision affirming his conviction was not entitled to deference because the court did not engage in a cumulative error analysis. He claims that such an analysis is required by *Strickland v. Washington*, 466 U.S. 668 (1984). His argument has no merit.

A claim of cumulative error is a standalone constitutional claim subject to procedural default and AEDPA's exhaustion requirements. *Collins v. Sec'y of Pa. Dep't*

*of Corrections*, 742 F.3d 528, 541 (3d Cir. 2014). Davenport never made this claim in the state court. Nor did he raise it in his habeas petition.

The facts upon which Davenport bases his claim of cumulative error existed before he filed his first habeas petition. The Superior Court issued its decision on June 20, 2000, and Davenport filed his first habeas petition on October 31, 2006. This claim should have been asserted in his state appeal. It was not. He is procedurally barred from presenting it now.

### *Actual Innocence*

Davenport also claims that he is entitled to equitable tolling because he is actually innocent. His first habeas petition does not explicitly assert an actual innocence claim. However, giving him the benefit of his *pro se* status at the time, one may conclude he intended to make such a claim.

In his habeas petition, Davenport stated that his trial counsel was ineffective because he "failed to present refuttable [*sic*] testimony of petitioner's involvement in the crime, where co-defendant was willing to testify . . . ."[14] In the memorandum of law, Davenport asserted that his conviction was of "one who is actually innocent." As he does now, Davenport claimed that his counsel was ineffective for failing to call a witness who would have testified that he had not participated in the crimes at issue.[15] In his current motion, he argues that this claim should have been recognized as a gateway claim of actual innocence, justifying equitable tolling of AEDPA's statute of limitations.

---

[14] Pet. at 9 (Doc. No. 1).

[15] *See* Pet.'s Habeas Br. at 7-8 (Doc. No. 9). The Third Circuit has not definitively decided whether a claim of actual innocence acts to toll AEDPA's statute of limitations. *See Sistrunk v. Rozum*, 674 F.3d 181, 191 n.7 (3d Cir. 2012) ("We do not decide whether a petitioner's actual innocence might permit equitable tolling because, even if it could, [the appellant] does not meet the preliminary requirement of demonstrating his innocence."); *Reed v. Harlow*, 448 F. App'x 236, 238 n.2 (3d Cir. 2011).

Judge Strawbridge, although not specifically addressing the actual innocence claim, considered whether Davenport's petition included any claims entitling him to equitable tolling. He found that there were none.[16] Thus, this claim has already been rejected.

In any event, whether the claim had been considered and rejected in the context of equitable tolling, it still fails. It is both untimely and meritless.

Davenport's actual innocence claim is untimely because it was not brought within a reasonable time. There is no specific time limit for filing motions pursuant to Rules 60(b)(5) and (b)(6). But, they must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1); *Moolenaar v. Gov't of Virgin Islands*, 822 F.2d 1342, 1346 (3d Cir. 1987) (citing Fed. R. Civ. P. 60(b)); *United States v. Fiorelli*, 337 F.3d 282, 288 n.3 (3d Cir. 2003).

Davenport was aware of his co-defendant's statement, which he now claims is new exculpatory evidence, at least seven years ago. He cites no excuse, and we cannot discern one, for his lengthy delay in raising his claim based on that statement. Therefore, we find that he has not asserted his "actual innocence" claim within a reasonable time.

Additionally, Davenport provides no reason, much less a compelling one, for raising his ineffectiveness claim six years after his petition was denied and nearly nine and one-half years after *Lewis* held that *Flores-Ortega* is retroactive. Such a long time period is not reasonable for purposes of a Rule 60(b) motion. *See Dietsch v. U.S.*, 2 F. Supp. 2d 627, 633 (D.N.J. 1998) (finding 60(b) motion filed two years after challenged order not filed within reasonable time); *Moolenaar*, 822 F.2d at 1348 (finding rule 60(b) motion brought almost two years after order at issue was untimely); *United States v.*

---

[16] *See* R&R at 5-6 (Doc. No. 15).

11

*Real Property Located at 1323 South 10th Street, Philadelphia, PA,* No. 91-5848, 1998 WL 470161, at *2 (E.D. Pa. Aug. 11, 1998) (concluding that four-year delay between order and Rule 60(b) motion was unreasonable). Thus, even if Davenport's ineffectiveness claim was not a successive claim, it would fail because it is untimely.

Davenport argues that his actual innocence allows him to pursue his ineffectiveness of counsel claim on the merits despite the expiration of AEDPA's statute of limitations. In support of his actual innocence claim, Davenport relies on a recent decision of the Supreme Court, *McQuiggin v. Perkins*, --- U.S. ---, 133 S.Ct. 1924 (2013), which held that AEDPA's one-year statute of limitations can be overcome by a showing of actual innocence. 133 S.Ct. at 1928. In doing so, the Supreme Court did not abrogate or relax the requirement, articulated in *Schlup v. Delo*, that a petitioner show that had the "new" evidence been available at trial, no reasonable juror would have voted to find him guilty beyond a reasonable doubt. *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327 (1995)); *see also Sistrunk v. Rozum*, 674 F.3d 181, 191 (3d Cir. 2012) (citations omitted).

To the extent that Davenport is arguing that *McQuiggin* was an intervening change in the decisional law entitling him to relief, his argument is without merit because he has not presented new, reliable evidence of his actual innocence. To avail himself of equitable tolling on his actual innocence claim, Davenport must produce (1) new evidence, (2) that is reliable and (3) so probative of his innocence that no juror, acting reasonably, would have voted to convict him. *Sistrunk,* 674 F.3d at 191. Evidence is new if it was not previously known to the movant and includes exculpatory scientific evidence, a trustworthy eyewitness account or critical physical evidence.

*Schlup*, 513 U.S. at 324; *Hubbard v. Pinchak*, 378 F.3d 333, 339-40 (3d Cir. 2004); *Sistrunk*, 674 F.3d at 189 (citation omitted).

Davenport has not met the stringent new evidence test. First, he has not presented "new evidence." The statement made by his co-defendant at sentencing that "[Davenport] didn't have nothing to do with it"[17] was made fifteen and a half years ago, and Davenport knew of it at least six years ago.[18] Indeed, he referenced the statement in his memorandum in support of first habeas petition. The statement is not "new." *See Sistrunk*, 674 F.3d at 189 (evidence previously known, but only newly available, is not new) (citation omitted); *id.* at 191.

Second, the co-defendant's statement is not reliable. Davenport's co-defendant made a prior contradictory statement to police implicating Davenport in the crimes.[19] Essentially recantation testimony, the inconsistent statement made during the sentencing hearing is viewed "with great suspicion." *Sistrunk*, 674 F.3d at 191 (citing *Dobbert v. Wainwright*, 468 U.S. 1231, 1233 (1984) and *Landano v. Rafferty*, 856 F.2d 569, 572 (3d Cir. 1988)). It does not qualify as a trustworthy account.

Finally, given the conflict between the co-defendant's statement made to police and his statement at sentencing, and other evidence linking Davenport to the crimes,[20]

---

[17] Pet.'s Br., Ex. B (Sentencing Tr.) at 14 (Doc. No. 20-3).

[18] In his memorandum in support of his first habeas petition, filed in 2006, Davenport asserted that he "repeated[ly] attempt[ed] to have the testimony of [his] codefendant, who [*sic*] testimony removed [him] from any participation" in the crimes at issue. Pet.'s Mem. at 8 (Doc. No. 9).

[19] *See* Resp.'s Br. at 9 n.5 (Doc. No. 22).

[20] One witness, Jason Paige, testified that Davenport told him he had paid Earl Lilly to set the fire that caused the two deaths that were the subject of Davenport's two murder convictions. Another witness, Shekeia Williams, testified that Davenport asked her to lie and provide him with an alibi on the night of the fire. She also implicated Davenport in the crimes, testifying that he physically beat her and told her that he would kill her if she "snitched." *See Com. v. Davenport*, No. 2825 EDA 1999, at 3-4 (Pa. Super. Ct. June 20, 2000) (Doc. No. 11-1).

we cannot conclude that had the co-defendant testified at trial consistent with his statement made at sentencing, no reasonable juror would have found Davenport guilty.

Because Davenport's actual innocence claim does not meet *Schlup's* exacting actual innocence standard, he cannot use it to open the door to pursue his ineffectiveness claim in an untimely filing.

## Conclusion

Davenport's Rule 60 motion is a second or successive habeas petition. Also, his claim of actual innocence is without merit. Therefore, we shall dismiss his motion.